UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ARCH SPECIALTY INSURANCE COMPANY,

Plaintiff,

-against-

B & V CONSTRUCTION INC.,

Defendant.

**MEMORANDUM & ORDER**

**23-CV-2429 (NGG) (LGD)**

NICHOLAS G. GARAUFIS, United States District Judge.

Now before the court is Plaintiff Arch Specialty Insurance Company's ("Arch") motion for default judgment on claims of breach of contract, unjust enrichment and account stated. (Compl. (Dkt. 1); Not. of Mot. (Dkt. 14).) The court referred this motion to Magistrate Judge Lee G. Dunst for a report and recommendation ("R&R"). (*See* February 5, 2024 Order Referring Mot.) Judge Dunst then issued the annexed R&R on March 22, 2024, recommending that the court grant in part and deny in part Plaintiff's motion and award Plaintiff damages as detailed therein. (R&R (Dkt. 15) at 15.)

No party has objected to Judge Dunst's R&R, and the time to do so has passed. *See* Fed. R. of Civ. P. 72(b)(2). Therefore, the court reviews the R&R for clear error. *See Velasquez v. Metro Fuel Oil Corp.*, 12 F. Supp. 3d 387, 397 (E.D.N.Y. 2014). Having found none, the court ADOPTS the R&R in full.

1

The court GRANTS Plaintiff's motion for default judgment on Plaintiff's breach of contract claim regarding the outstanding "Additional Premium," (*see* R&R at 2, 8-9), and awards damages as follows: (i) $91,039.00 in damages for breach of contract; (ii) $573.31 in litigation costs; (iii) $22.45 per day in prejudgment interest from July 8, 2021 through the date of entry of judgment; and (iv) post-judgment interest pursuant to 28 U.S.C. § 1961. The court DENIES the motion for default judgment on all other claims.

SO ORDERED.

Dated:    Brooklyn, New York
          April 22, 2024

                              s/Nicholas G. Garaufis
                              NICHOLAS G. GARAUFIS
                              United States District Judge

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
ARCH SPECIALTY INSURANCE COMPANY

                     Plaintiff,

      v.

B & V CONSTRUCTION INC.

                     Defendant.
-------------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**

2:23-CV-02429 (NGG) (LGD)

**LEE G. DUNST**, Magistrate Judge:

      Presently before the Court is Arch Specialty Insurance Company's ("Arch" or "Plaintiff")

motion for default judgment ("Motion") in this action for breach of contract, unjust enrichment,

and account stated. *See* Electronic Case File Number ("ECF No.") 14.  On February 5, 2024,

District Judge Nicholas G. Garaufis referred the Motion to the undersigned for a Report and

Recommendation.  As set forth below, the undersigned respectfully recommends that the Court

GRANT IN PART and DENY IN PART Plaintiff's Motion and award Plaintiff damages and

additional relief as calculated below.

**I.**      **BACKGROUND**[1]

      **A.**     **Factual Background**

      Arch is an insurance company incorporated in Missouri with a principal place of business

in Jersey City, New Jersey. *See* ECF No. 1 ("Compl.") ¶ 1.  B & V Construction Inc. ("B&V" or

"Defendant") is a construction company incorporated in New York and located in Lindenhurst,

New York. *See id.* ¶ 2.  Arch issued a one-year commercial general liability insurance policy to

---

[1] The facts included in this section are taken from the Complaint (ECF No. 1) and evidence supporting the Motion.  As Defendant failed to answer, all well-pleaded allegations in the Complaint are presumed to be true. *See Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 78 (E.D.N.Y. 2020) (when determining if a plaintiff is entitled to default judgment, the court can only consider the ""non-conclusory, factual allegations' in the complaint") (quoting *Johannes Baumgartner Wirtschafts-Und Vermogensberatung GmbH v. Salzman*, 969 F. Supp. 2d 278, 287 (E.D.N.Y. 2013)).

B&V (the "Policy"), effective January 12, 2019 to January 12, 2020. *See id.* ¶ 6. In exchange for the payment of premiums under the Policy, Arch agreed to provide insurance coverage for certain liabilities of B&V. *See id.* ¶ 7.

While based on initial estimates provided to Arch by B&V, the premiums were subject to modifications based on an audit conducted by Arch. *See id.* ¶ 10. The initial premium, calculated from the estimated exposure during the effective dates of coverage, was $25,746.00. *See* ECF No. 14-7, Declaration of Sal A. Pellitteri ("Pellitteri Decl.") ¶ 8; ECF No. 14-8 ("Policy") at 1. The Policy, however, provided Arch the option to conduct an audit based on B&V's actual exposure during the effective dates of the coverage, which could reveal that the exposure was higher or lower than the original estimate. *See* Compl. ¶ 10. Pursuant to the terms of the Policy, Arch conducted an audit on or about March 25, 2021. *See* Pellitteri Decl. ¶ 12. The audit resulted in an additional premium due to Arch of $91,039.00 (the "Additional Premium"). *See id.* ¶ 12; ECF No. 14-9 (the "Audit Report"); ECF No. 14-10 (the "Audit Endorsements") at 1.

On June 24, 2021, Arch issued a final bill to B&V for the money owed, but B&V failed to remit payment before the final deadline of July 8, 2021. *See* Compl. ¶¶ 12-13; Pellitteri Decl. ¶ 18; ECF No. 14-11 ("Invoice"). According to the Complaint, Arch is also owed a New York State Surplus Lines Tax and a New York State Stamping Fee equal to 3.6% and 0.18% of the Additional Premium respectively (the "Taxes and Fees"). *See* Compl. ¶ 14. Based on the unpaid Additional Premium, the additional Taxes and Fees are $3,432.17. *See id.* B&V has still not paid Arch the Additional Premium plus the Taxes and Fees, totaling $94,471.17. *See id.* ¶ 17.

### B. Procedural Background

On March 29, 2023, Plaintiff Arch filed its Complaint against Defendant B&V alleging breach of contract ("Count 1"), unjust enrichment ("Count 2"), and account stated ("Count 3").

*See generally id.* The Complaint seeks relief in the outstanding amount owed to Plaintiff—$94,471.17—plus interest, attorney's fees, and costs. *See id.* On April 6, 2023, the Complaint was served on Defendant through the New York Secretary of State as Defendant's agent. *See* ECF No. 9; ECF No. 14-1, Declaration of Vitaly Vilenchik, Esq. ("Vilenchik Decl.") ¶ 9. On May 15, 2023, Plaintiff requested the Clerk of Court enter a Certificate of Default against Defendant. *See* ECF No. 11. On May 19, 2023, the Clerk of Court entered a Certificate of Default against Defendant. *See* ECF No. 12.

On November 30, 2023, Plaintiff filed its motion for default judgment with supporting declarations and evidence. *See* ECF No. 14. The Motion was served on Defendant via first class mail at its address in Lindenhurst. *See* ECF No. 14-13. On February 5, 2024, Judge Garaufis referred the motion to the undersigned for a Report and Recommendation. *See* February 5, 2024 Order.

## II.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 55

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for a party seeking a default judgment. The Clerk of the Court must first enter a certificate of default, and the court may then enter default judgment if the complaint sets forth a valid claim and the plaintiff has "established her entitlement to a specific amount of damages." *Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 80 (E.D.N.Y. 2020). However, "a plaintiff is not entitled to a default judgment as a matter of right, simply because the defendant is in default." *Astudillo v. Fusion Juice Bar Inc.*, No. 19-CV-2590, 2023 WL 3802754, at *3 (E.D.N.Y. Mar. 23, 2023). Instead, courts have significant discretion in granting default judgments, and consider the following factors: "(1) whether the defendant's default was willful; (2) whether [the] defendant has a meritorious defense to [the] plaintiff's claims; and (3) the level of prejudice the non-

3

defaulting party would suffer as a result of the denial of the motion for default judgment." *Song v. Kensington Int'l, Inc.*, No. 21-CV-543, 2024 WL 416494, at *5 (E.D.N.Y. Jan. 29, 2024) (quoting *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02-CV-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003)).

## B.    Willfulness

A default is deemed willful if "it is sufficient to conclude that the defendant defaulted deliberately." *Leger v. Navila Asset Mgmt. Inc.*, No. 20-CV-3820, 2023 WL 2352843, at *2 (E.D.N.Y. Feb. 6, 2023), *report and recommendation adopted*, 2023 WL 2349581 (E.D.N.Y. Mar. 3, 2023) (quoting *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182,187 (2d Cir. 2015)).  In other words, while a finding of bad faith is not necessary, "[w]illfulness requires more than negligence or carelessness." *Id.*

The Second Circuit has held that failure to respond to a complaint evinces willful default, so long as service on the defendant is proper. *See S.E.C. v. McNulty*, 137 F.3d 732, 738-39 (2d Cir. 1998) (unexplained failure to respond to complaint shows willfulness).  Service is proper if it is done pursuant to Rule 4 of the Federal Rules of Civil Procedure.  *Id.*  Pursuant to Rule 4(h)(1)(A), service may be made upon a domestic corporation by following state law for serving a summons in the state where the district court is located.  Under New York law, service on a domestic corporation can be effectuated by delivering and leaving a copy of the Summons and Complaint with the New York Secretary of State. *See* N.Y. Bus. Corp. L. § 306(b)(1).

## C.    Meritorious Defenses

A defendant has meritorious defenses against the claims in the complaint if they have presented defenses that are "good at law so as to give the factfinder some determination to make." *Antoine*, 489 F. Supp. 3d at 82.  When a defendant fails to answer the complaint, however, the well-pleaded allegations in the plaintiff's complaint are presumed to be true, and

thus, the court is unable to determine whether the defendant has any meritorious defenses. *See id.* Therefore, without an answer, "granting a default judgment is favored under those circumstances." *Pich v. Queens Garden Nursery Inc.*, No. 22-CV-3362, 2024 WL 687234, at *4 (E.D.N.Y. Feb. 20, 2024), *report and recommendation adopted*, No. 22-CV-3362, 2024 WL 967636 (E.D.N.Y. Mar. 6, 2024) (internal quotations omitted). Nevertheless, even when a defendant has failed to answer the complaint, "a plaintiff must demonstrate that the factual allegations set forth in her complaint state valid claims to relief." *Antoine*, 489 F. Supp. 3d at 82.

### D.     Prejudice Toward Plaintiff

Denying a motion for default judgment would be prejudicial toward the plaintiff if there would be "no additional steps available to secure relief in this [c]ourt." *Reyes v. Tacos El Gallo Giro Corp.*, No. 20-CV-3474, 2022 WL 940504, at *2 (E.D.N.Y. Jan. 25, 2022), *report and recommendation adopted*, No. 20-CV-3474, 2022 WL 939769 (E.D.N.Y. Mar. 29, 2022) (quoting *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 06-CV-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008)).

### E.     Damages

While a defendant's liability is confirmed by an entry of default, the plaintiff's entitlement to damages is not established automatically. *See Doe v. Green*, No. 17-CV-1765, 2021 WL 2188534, at *4 (S.D.N.Y. Apr. 29, 2021), *report and recommendation adopted*, 2021 WL 2188148 (S.D.N.Y. May 28, 2021) (explaining that the court must conduct an inquiry in order to ascertain damage); *see also Antoine*, 489 F. Supp. 3d at 90 (explaining that although allegations are deemed true upon a party's default, allegations of damages are not). The court must be able to ascertain damages with "reasonable certainty." *Green*, 2021 WL 2188534, at *4. The plaintiff bears the burden of establishing their entitlement to damages and can do so by presenting sufficient evidence to the court in the form of "detailed affidavits or documentary

evidence." *Id.* In situations where damages are "not susceptible to simple mathematical calculation," the court enjoys discretion in determining the weight it affords the documentary evidence presented by the plaintiff, and in determining whether an evidentiary hearing is necessary. *See Antoine*, 489 F. Supp. 3d at 91.

## III.   DISCUSSION

### A.   Plaintiff Has Complied With Rule 55

As an initial matter, Plaintiff has complied with the two-step process for seeking a default judgment set forth in Rule 55. Plaintiff obtained a Certificate of Default from the Clerk of Court, on May 19, 2023, which stated that Defendant failed to answer the Complaint served upon it on April 6, 2023. *See* ECF No. 12. Plaintiff now seeks a default judgment in the pending motion.

### B.   Defendant Willfully Defaulted

Defendant has failed to respond to the Complaint or otherwise appear in this action. In accordance with Second Circuit precedent, Defendant's failure to respond is evidence of a willful default. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability."); *accord Song v. Kensington Int'l, Inc.*, No. 21-CV-543, 2024 WL 416494, at *6 (E.D.N.Y. Jan. 29, 2024) (finding willful default where defendant failed to respond). Still, the court must determine whether service upon Defendant was proper. Rule 4(h)(1)(A) states that service may be made upon a domestic corporation by following state law for serving a summons in the state where the district court is located. Under New York law, service on a domestic corporation can be effectuated by delivering and leaving a copy of the Summons and Complaint with the New York Secretary of State. *See* N.Y. Bus. Corp. L. § 306(b)(1). Plaintiff has filed an affidavit of service confirming that Defendant was served with the Complaint through the New York Secretary of State as Defendant's agent. *See* ECF No. 9. Therefore, service on Defendant

was clearly proper.[2] *See Keybank Nat'l Ass'n v. Nour Limo, Inc.*, No. 22-CV-1894, 2024 WL 685840, at *4 (E.D.N.Y. Feb. 20, 2024) (holding that because the defendant was served in compliance with N.Y. C.P.L.R. § 306 service was proper); *Arch Specialty Ins. Co. v. Canbert Inc.*, No. 19-CV-5920, 2021 WL 1200329, at *3 (E.D.N.Y. Mar. 9, 2021), *report and recommendation adopted*, No. 19-CV-5920, 2021 WL 1193004 (E.D.N.Y. Mar. 30, 2021) (same). As Defendant was properly served and failed to answer the Complaint, its default is deemed willful.

### C.   Defendant Has Failed to Raise Any Meritorious Defenses and the Complaint States a Valid Claim for Relief for Breach of Contract

Because Defendant has not responded to the Complaint, it has not asserted any meritorious defenses to any of the claims. Therefore, the Court is unable to make any determinations about the merits of any defenses. *See Antoine*, 489 F. Supp. 3d at 82 (explaining that when a defendant defaults, courts are unable to decide whether a defendant has a meritorious defense to plaintiff's allegations). Nevertheless, the Court must still assess whether the Complaint states valid claims for relief. *See id.*

#### 1.   Choice of Law

As an initial matter, the Court must determine what law to apply to Plaintiff's claims. In a diversity action, as the case is here, and absent an express choice by the parties, the Court must apply the choice-of-law rules of the forum state. *See Mem'l Drive Consultants, Inc. v. ONY, Inc.*, 29 F. App'x 56, 62 (2d Cir. 2002) (applying choice-of-law rules of the state in which the federal court sits in diversity). Therefore, New York choice-of-law rules regarding insurance contracts apply here and mandate that "the applicable law is generally the local law of the state

---

[2] Plaintiff also served the Motion on Defendant via first class mail at its address in Lindenhurst on November 30, 2023. *See* ECF No. 14-13.

which the parties understood was to be the principal location of the insured risk." *Lapolla*

*Indus., Inc. v. Aspen Specialty Ins. Co.*, 566 F. App'x 95, 97 (2d Cir. 2014) (internal quotations

omitted); *accord Arch Specialty Ins. Co. v. Better Energy Serv. Inc.*, No. 20-CV-6255, 2022 WL

5434218, at *3 (E.D.N.Y. Aug. 26, 2022), *report and recommendation adopted as modified*, No.

20-CV-6255, 2022 WL 4551379 (E.D.N.Y. Sept. 29, 2022).  Further, in a default judgment

context, where the moving party relies on New York law and no party has challenged its

application, the court should rely on New York law.  *See Potamkin New York, LP v. Gem Auto*

*Brokers Inc.*, No. 11-CV-6515, 2012 WL 1898896, at *2 n.2 (S.D.N.Y. May 1, 2012), *report and*

*recommendation adopted*, No. 11-CV-6515, 2012 WL 1870949 (S.D.N.Y. May 23, 2012)

(applying New York law where plaintiff's proposed findings of fact and conclusions relied on

New York law and defendant did not respond).

 Here, the Policy does not contain a choice-of-law provision.  *See generally* ECF No. 14-

8, Policy.  Additionally, Defendant B&V is a New York corporation with its principal place of

business in New York.  *See* Compl. ¶ 2.  Further, Plaintiff relies on New York law in its Motion.

*See* ECF No. 14-12 ("Pl. Mem.") at 5-6.  Therefore, New York law should apply.

  2. Breach of Contract (Count 1)

 Plaintiff alleges that it fulfilled its contractual obligations to Defendant and provided

coverage under the Policy, but that Defendant failed to remit payment of the Additional Premium

plus the Taxes and Fees, resulting in a breach of contract.  *See* Compl. ¶¶ 5-17.

 "The elements of a breach of contract claim in New York are '(1) the existence of an

agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by

the defendant, and (4) damages.'"  *Martino v. MarineMax Ne., LLC*, No. 17-CV-4708, 2018 WL

6199557, at *3 (E.D.N.Y. Nov. 28, 2018) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d

Cir. 1996)).

Here, the elements of a breach of contract claim are met. The parties entered into an insurance agreement in which Plaintiff agreed to provide coverage in exchange for premiums paid by Defendant. *See* Compl. ¶¶ 6-7; *see also* ECF No. 14-8, Policy. Plaintiff performed its contractual obligations and provided coverage to Defendant. *See id.* ¶ 8. Pursuant to the Policy, the parties agreed that Defendant would pay an upfront premium, based on the estimated cost of coverage during the effective dates, but that after an audit conducted by Plaintiff, Defendant may be liable for additional premiums. *See id.* ¶¶ 9-10. Plaintiff conducted an audit and determined that Defendant owed the Additional Premium. *See id.* ¶ 11. Defendant did not remit payment of the Additional Premium and therefore breached the contract. *See id.* ¶ 12; *see also* ECF No. 14-11, Invoice. For the Additional Premium, Defendant claims damages of $91,039.00. *See* Compl. ¶ 12. Therefore, Plaintiff has established a breach of contract claim for the Additional Premium. *See Arch Specialty Ins. Co.*, 2021 WL 1200329, at *4 (granting default judgment on breach of contract claim).

Plaintiff, however, has not established a breach of contract claim for the Taxes and Fees. While Plaintiff alleges that Defendant was "obligated" to pay the Taxes and Fees (*see* Compl. ¶ 14; Pellitteri Decl. ¶ 15), there is no allegation that the Policy required Defendant to pay the Taxes and Fees. *See generally* Compl. Furthermore, nothing in the Policy or the additional evidence submitted by Plaintiff indicates an obligation for Defendant to pay or compensate Plaintiff for the Taxes and Fees. *See generally* ECF No. 14-8, Policy. Therefore, because Plaintiff has not shown an agreement by Defendant to pay the Taxes and Fees, Plaintiff has not established a breach of contract for the Taxes and Fees. *See Arch Specialty Ins. Co. v. M. Lopez Contracting Corp.*, No. 19-CV-7024, 2021 WL 7830147, at *4 (E.D.N.Y. Mar. 10, 2021) ("While the Complaint and Pellitteri Declaration both state that Defendant was 'obligated to pay'

9

the NYS Taxes and Fees, there is no allegation that the Policy required Defendant to pay those fees to Plaintiff. Nothing in the Policy or the papers submitted by Plaintiff indicates an obligation by Defendant to pay the NYS Taxes and Fees to Plaintiff, whether to compensate Plaintiff for paying its taxes, or otherwise.") (internal citations omitted).

For the reasons stated above, the undersigned respectfully recommends that the Court find Defendant liable for breach of contract as to the Additional Premium, but deny the Motion as to the breach of contract claim for the Taxes and Fees.

### 3.   Unjust Enrichment (Count 2)

In the Complaint, Plaintiff also included a claim for unjust enrichment ("Count 2"). *See* Compl. ¶¶ 18-21. That claim, however, was not discussed in the Motion. *See* Pl. Mem. at 2. Accordingly, the undersigned respectfully recommends that Count 2 be deemed abandoned. *See Gordon v. APS Contractors Inc.*, No. 21-CV-259, 2023 WL 2574740, at *9 (E.D.N.Y. Mar. 20, 2023) (deeming cause of actions abandoned where plaintiffs failed to address them in their motion for default judgment).

### 4.   Account Stated (Count 3)

Plaintiff also alleges that Defendant is indebted to Plaintiff upon an account stated between them and, after Plaintiff demanded Defendant pay the balance due, Defendant has failed to remit payment. *See* Compl. ¶¶ 22-25.

Plaintiff's account stated claim fails as to its claim for the Additional Premium, however, because it is duplicative of its successful breach of contract claim, especially where Plaintiff seeks the same damages it seeks under the breach of contract claim. *See e.g.*, *Arch Specialty Ins. Co. v. F-1 Am. Marble & Tile Corp.*, No. 19-CV-3445, 2020 WL 13882816, at *3 (E.D.N.Y. Sept. 15, 2020) ("A defendant cannot be found liable on both an account stated claim . . . and a breach of contract claim . . . in connection with the same allegations of a failure to pay monies

10

owed.") (internal quotations omitted); *Arch Specialty Ins. Co. v. Apco Indus., Inc.*, No. 18-CV-4041, 2020 WL 6581000, at *5 (E.D.N.Y. Oct. 5, 2020) (same).

In addition, Plaintiff's account stated claim fails as to its claim for the Taxes and Fees because there is no evidence Defendant ever agreed to pay Plaintiff for the Taxes and Fees.  As discussed above, the Policy makes no mention of Defendant's alleged obligation to pay the Taxes and Fees.  *See generally* ECF No. 14-8, Policy.  In addition, the Audit Endorsement, while showing the total for the Additional Premium, does not reveal an obligation to pay the Taxes and Fees.  *See* ECF No. 14-10, Audit Endorsement at 1.  And, while the Invoice, the final notice of the amount allegedly owed to Plaintiff, indicates that the "Outstanding Premium" is $94,471.71, an amount equal to the Additional Premium plus the Taxes and Fees, an account stated claim "cannot be used to create liability where none otherwise exists."  *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 55 (2d Cir. 2011) (quoting *M. Paladino, Inc. v. J. Lucchese & Son Contracting Corp.*, 247 A.D.2d 515, 516 (N.Y. App. Div. 2d Dep't 1998)); *see also Arch Specialty Ins. Co.*, 2021 WL 1200329, at *6 (dismissing account stated claim where plaintiff did not present evidence of defendant's prior obligation to pay taxes and fees, despite the existence of a final notice letter with a demand for an amount equal to the additional premium plus taxes and fees).

Therefore, the Court respectfully recommends dismissal of Plaintiff's account stated claim.

### D.      Denial of the Motion Would be Prejudicial to Plaintiff

If the Court were to deny Plaintiff's Motion in its entirety, it would be unable to recover for the injuries that it suffered as a result of Defendant's continued abuse.  Therefore, denial of the Motion would be prejudicial to Plaintiff.  *See Antoine*, 489 F. Supp. 3d at 90 (holding that it would be prejudicial to the plaintiff to deny the motion for default judgment because "plaintiff

would be unable to recover for the claims adequately set forth in the complaint").

### E.    Plaintiff's Damages Calculations

#### 1.    Additional Premium

Plaintiff has provided sufficient evidence to support its damages with respect to the Additional Premium of $91,039.00. *See* Compl. ¶ 12; *see also* ECF No. 14-9, Audit; ECF No. 14-10, Audit Endorsement.  Plaintiff also has provided sufficient evidence to support its allegation that Defendant has failed to pay the Additional Premium. *See* Compl. ¶¶ 12-13; *see also* ECF No. 14-11, Invoice.  Accordingly, the Court respectfully recommends that Plaintiff be awarded $91,039.00 for its breach of contract claim. *See Arch Specialty Ins. Co.*, 2022 WL 5434218, at *6 (awarding full amount of additional premium); *see also Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 185 (2d Cir. 2007) ("A party injured by breach of contract is entitled to be placed in the position it would have occupied had the contract been fulfilled according to its terms.").

#### 2.    Litigation Costs

Plaintiff also seeks to recover its litigation costs for pursuing this action.  Plaintiff claims that these costs include, the filing fee of $400.00 and the fee for the service of process of $173.31. *See* Pl. Mem. at 9; Vilenchik Decl. ¶ 16.  This totals to $573.31 in litigation costs.

Federal Rule of Civil Procedure 54(d) provides an award of costs to the prevailing party. Filing fees and costs for service are appropriately reimbursable as litigation costs. *See Master Grp. Glob. Co., Ltd. v. Toner.Com Inc.*, No. 19-CV-6648, 2020 WL 5260581, at *15 (E.D.N.Y. Aug. 10, 2020), *report and recommendation adopted*, No. 19-CV-6648, 2020 WL 5259057 (E.D.N.Y. Sept. 3, 2020) (awarding costs related to the filing fee and for service of process). "The fee applicant bears the burden of adequately documenting and itemizing the costs requested." *Monge v. Glen Cove Mansion Hosp., LLC*, No. 18-CV-7229, 2020 WL 1666460, at

*9 (E.D.N.Y. Apr. 2, 2020). "Filing fees are recoverable without supporting documentation if verified by the docket." *Feltzin v. Union Mall LLC*, 393 F. Supp. 3d 204, 219 (E.D.N.Y. 2019). Process server fees, however, must be supported by documentation. *Id.*

Plaintiff's filing fee is verified by the docket. *See* Dkt. 1. Plaintiff has also provided documentation evidencing the fees paid for service of process. *See* ECF No. 14-5. Therefore, the Court recommends that Plaintiff be awarded litigation costs of $573.31. *See Arch Specialty Ins. Co. v. M. Lopez Contracting Corp.*, No. 19-CV-7024, 2021 WL 7830147, at *6 (E.D.N.Y. Mar. 10, 2021) (awarding filing fee and service of process costs in a similar action).

### 3. Attorney's Fees

Although Plaintiff seeks an award of attorney's fees in the Complaint and in the Motion (*see* Pl. Mem. at 9), Plaintiff does not specify an amount of attorney's fees and does not provide any supporting evidence or material to properly assess a potential award. *See generally* ECF No. 14. Additionally, Plaintiff does not allege or point to any provision in the Policy which would entitle Plaintiff to recover attorney's fees. *See generally id.* Therefore, the Court respectfully recommends denial of an award for attorney's fees. *See Arch Specialty Ins. Co. v. F-1 Am. Marble & Tile Corp.*, No. 19-CV-3445, 2020 WL 13882816, at *4 (E.D.N.Y. Sept. 15, 2020) (denying attorney's fees award where plaintiff provided no supporting evidence nor alleged the policy entitled plaintiff to recover attorney's fees).

### 4. Interest

Plaintiff also seeks to recover prejudgment interest calculated from the date the payment from Defendant was due. *See* Pl. Mem. at 9. Payment was due on July 8, 2021. *See* Pellitteri Decl. ¶ 18; ECF No. 14-11, Invoice.

Under New York law, "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract . . . computed from the earliest ascertainable date the cause

of action existed." N.Y. C.P.L.R. § 5001(a)-(b).  For a breach of contract case, Courts award prejudgment interest from the date of the contract breach.  *See Cont'l Cas. Co. v. Contest Promotions NY, LLC*, No. 15-CV-501, 2016 WL 1255726, at *7 (E.D.N.Y. Mar. 28, 2016).  The statutory rate is nine percent per year.  *See* N.Y. C.P.L.R. § 5004.

Plaintiff seeks prejudgment interest since July 8, 2021.  *See* Pl. Mem. at 9.  Plaintiff's breach of contract claim arose on July 8, 2021, when Defendant failed to remit payment of the Additional Premium.  *See* Compl. ¶ 12.  The statutory interest rate of nine percent results in a daily interest rate of $22.45 ($91,039.00 in damages times .09 in interest divided by 365 days in a year).  *See* Pl. Mem. at 9.

In addition to prejudgment interest, Plaintiff is also entitled to post-judgment interest at the rate set forth in 28 U.S.C. § 1961(a).  While Plaintiff does not request post-judgment interest in its Complaint or its Motion, post-judgment interest "is mandatory . . . its terms do not permit of the exercise of judicial discretion in its application." *Arch Specialty Ins. Co. v. Better Energy Serv. Inc.*, No. 20-CV-6255, 2022 WL 5434218, at *8 (E.D.N.Y. Aug. 26, 2022), *report and recommendation adopted as modified*, No. 20-CV-6255, 2022 WL 4551379 (E.D.N.Y. Sept. 29, 2022) (internal quotations omitted).

Therefore, the Court respectfully recommends that Plaintiff be granted prejudgment interest at a daily rate of $22.45 from July 8, 2021 to the entry of judgment and post-judgment interest to be calculated from the date of entry of judgment until the date of payment, at the rate set forth in 28 U.S.C. § 1961.  *See Arch Specialty Ins. Co. v. All Island Bldg. & Restoration Inc.*, No. 19-CV-2396, 2020 WL 6321964, at *5 (E.D.N.Y. May 2, 2020), *report and recommendation adopted*, No. 19-CV-2396, 2020 WL 4783357 (E.D.N.Y. Aug. 18, 2020) (awarding prejudgment and post-judgment interest in a similar case).

## IV.    CONCLUSION

For the reasons set forth above, the Court respectfully recommends granting Plaintiff's motion for default judgment only on its breach of contract claim regarding the outstanding Additional Premium and denying the requested relief on all other claims.  The Court also recommends that Plaintiff be awarded: (i) $91,039.00 in damages for breach of contract; (ii) $573.31 in litigation costs; (iii) $22.45 per day in prejudgment interest from July 8, 2021 through the date of entry of judgment; and (iv) post-judgment interest pursuant to 28 U.S.C. § 1961.

## V.    OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days).  Any requests for an extension of time for filing objections must be directed to Judge Garaufis.  FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS. *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).  Furthermore, Plaintiff is directed to serve this Report and Recommendation on Defendant and file proof of service on the docket.

**SO ORDERED:**

Dated:     Central Islip, New York
              March 22, 2024

s/ Lee G. Dunst
_____
**LEE G. DUNST**
United States Magistrate Judge
